IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARDO WORLDWIDE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:14-CV-2660-N |
| PEGASUS SOLUTIONS, INC., | § § § | |
| Defendant. | § | |

### ORDER

This Order addresses Defendant Pegasus Solutions, Inc.'s ("Pegasus") motion to dismiss Plaintiff Leonardo Worldwide Corporation's ("Leonardo") first amended complaint ("FAC") [29]. The Court grants in part and denies in part Pegasus's motion.

### I. THE PARTIES' BUSINESS DISPUTE

This dispute arises out of the collapse of a business relationship existing between Pegasus and Leonardo. Leonardo provides digital content management services to hotels, hotel chains, hotel reservation processing intermediaries, online travel agencies, and other travel-related websites. Essentially, Leonardo's products allow travel-oriented businesses to more easily host and display digital content – including photos, videos, and virtual tours – online. Pegasus, in turn, provides electronic reservation services to hotels – its products facilitate making reservations online. In connection with this service, Pegasus hosts a descriptive content database that allows its client–hotels to provide property and room descriptions to potential consumers. To further develop this database, Pegasus entered into

ORDER – PAGE 1

an agreement (the "Business Relationship") whereby Leonardo would provide Pegasus access to Leonardo's media database, thereby allowing Pegasus to host its client–hotels' media on its own descriptive content database.

The parties' Business Relationship eventually ceased, which resulted in the current litigation. After Leonardo stopped providing digital content to Pegasus, Pegasus allegedly sent an e-mail to a number of hotels describing the termination of the relationship between Leonardo and Pegasus. The e-mail makes a number of representations concerning the nature of the parties' then-expired relationship and the services that were exchanged. Leonardo also bases claims on representations Pegasus allegedly made to its clients, informing them they did not need to negotiate with Leonardo independently. Leonardo's claims are primarily based on these communications, which it alleges were disparaging and interfered with existing and prospective contracts.

## II. THE LEGAL STANDARD

### A. Rule 12(b)(6)

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts

well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### *B. Rule 9(b)*

Pegasus asserts the heightened pleading standards of Rule 9(b) apply to Leonardo's claims. "By its clear terms, Rule 9(b) applies only to averments of fraud or mistake, not to averments of negligence, breach of fiduciary duty, *or non-fraudulent misstatement*." *Tigue Inv. Co., Ltd. v. Chase Bank of Texas, N.A.*, 2004 WL 3170789, at *2 (N.D. Tex. 2004) (emphasis added). An exception to this general rule arises "when fraudulent conduct is alleged to underlie a claim for which fraud is a possible – but not a necessary – element." *Id.* This exception applies to Leonardo's claim for tortious interference with prospective contracts because alleged fraudulent misstatements form the basis of that claim. *See* FAC ¶ 47. Accordingly, Leonardo's allegations supporting its claim for tortious interference with prospective contracts must be plead with particularity.

The remainder of Leonardo's claims are not subject to Rule 9(b). Leonardo's remaining claims are for business disparagement, tortious interference with existing

contracts, and unfair competition. The claims are based on underlying misstatements, *see* FAC ¶ 14, but there is no allegation the misstatements were fraudulent. Accordingly, the Court holds the heightened pleading standard of Rule 9(b) does not apply to the claims for business disparagement, tortious interference with existing contract, or unfair competition.

### III. THE BUSINESS DISPARAGEMENT CLAIM

Leonardo first brings a claim for business disparagement. Under Texas law, a business disparagement claim requires a plaintiff to "establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 170 (Tex. 2003) (citing *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987)). Pegasus argues Leonardo fails adequately to plead elements one and four.

### A. Leonardo Fails to Plead A Disparaging Statement

Satisfaction of the first element of the claim entails a showing that the defendant's statement was, at a minimum, defamatory. *MKC Energy Invs., Inc. v. Sheldon*, 182 S.W.3d 372, 377 (Tex. App. – Beaumont 2005, no pet.). "A statement is defamatory when a person of ordinary intelligence would interpret it in a way that tends to injure the subject's reputation and thereby expose the subject to public hatred, contempt, or ridicule, or financial injury, or to impeach the subject's honesty, integrity, virtue, or reputation." *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 728 (Tex. App. – Houston [14th Dist.] 2013, pet. denied). A statement may convey a defamatory meaning by omitting or juxtaposing facts, even if the statement is literally true. *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114

(Tex. 2000). Whether a defendant's statements "are reasonably capable of a defamatory meaning" is at first a question of law. *Musser v. Smith Protective Servs.*, 723 S.W.2d 653, 655 (Tex. 1987). "The court construes the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement." *Id.* "The person of ordinary intelligence . . . is a prototype of a person who exercises care and prudence, but not omniscience when evaluating allegedly defamatory communications." *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 157 (Tex. 2004). "This person 'is no dullard' and represents 'reasonable intelligence and learning,' not 'the lowest common denominator.'" *Rehak*, 404 S.W.3d at 728 (quoting *Isaacks*, 146 S.W.3d at 157).

Finally, an actionable statement "must assert an objectively verifiable fact rather than an opinion." *American Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 875 (Tex. App. – Dallas 2014, no pet.) (citing *Main v. Royall*, 348 S.W.3d 381, 389 (Tex. App. – Dallas 2011, no pet.)). Courts "classify a statement as fact or opinion based on the statement's verifiability and the entire context in which the statement was made." *Id.* Whether a statement is one of fact or opinion is also a question of law. *Id.*

Leonardo primarily asserts that Pegasus created a false impression concerning the nature and quality of Leonardo's services. Leonardo asserts that by stating Pegasus no longer intended "to pay Leonardo for links to images that are the property of and subject to the control of our mutual hotel clients," FAC ¶ 14, Pegasus implied that Leonardo's services were limited to the provision of images, when in reality Leonardo provides a group of services in addition to the images themselves.

The Court holds the statement is not reasonably subject to a defamatory interpretation. Leonardo's claim relies on an implied subtext to Pegaus's statement – that Leonardo provides access to images and nothing more.  When considered in the context of a statement explaining the reasons Pegasus no longer wished to maintain the Business Arrangement, the subtext of the statement, to the extent it exists, is one of opinion.  The statement explains very clearly "*we* no longer intend . . . ," explicitly informing the reader that the viewpoint expressed is personal to Pegasus.  With that caveat, any hostile implication concerning Leonardo's services is rendered nonactionable opinion.  The statement expresses the reasons why Pegasus felt Leonardo's services were not worth the asking price, and makes no objective claim concerning the value of Leonardo's services or their worth to other consumers.  Because a person of ordinary intelligence would interpret Pegasus's statement as, at worst, an opinion concerning the value of Leonardo's services, the Court finds they are not reasonably susceptible to a defamatory interpretation.  Accordingly, Leonardo fails to state a claim for business disparagement.[1]

### IV. THE TORTIOUS INTERFERENCE WITH CONTRACT CLAIM

A claim for tortious interference with contract requires proof of four elements: (1) that a contract subject to interference exists; (2) that the alleged act of interference was willful and intentional; (3) that the willful and intentional act proximately caused damage; and (4) that actual damage or loss occurred.  *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426,

---

[1]Because the Court finds Leonardo's claim for business disparagement fails for lack of a defamatory statement, the Court expresses no opinion as to arguments concerning the truth or falsity of the statement, and Leonardo's pleading of special damages.

ORDER – PAGE 6

430 (Tex. 1997). Pegasus argues Leonardo's pleadings are deficient as to each element. The Court disagrees.

### A. Leonardo Adequately Pleads the Existence of Contracts Subject to Interference

Pegasus argues Leonardo fails to identify specific contracts subject to interference. However, Leonardo alleges that its contracts with Choice Hotels, Loews Hotels, and Red Lion Hotels were adversely impacted by Pegasus's statement. *See* FAC ¶¶ 19, 20, 22. Moreover, as to Pegasus's argument that Leonardo fails to cite the specific provisions of any contracts subject to interference, Pegasus fails to cite any authority supporting such a stringent pleading requirement. Leonardo identifies three specific contracts that were disrupted by Pegasus's statement. The first element is sufficiently pled at this stage.

### B. Leonardo Adequately Pleads Willful and Intentional Action

In Texas, actionable interference with a contract must be willful. *S.W. Bell Telephone Co. v. John Carlo Texas, Inc.*, 843 S.W.2d 470, 472 (Tex. 1992). Interference is willful if the actor desires to cause the consequences of his act, or if he believes the consequences are substantially certain to result. *Id.* "To establish a willful and intentional act of interference, there must be evidence that the defendant was more than a willing participant – the defendant must have knowingly induced one of the contracting parties to breach its obligations under a contract." *Lazer Spot, Inc. v. Hiring Partners, Inc.*, 387 S.W.3d 40, 52 n.22 (Tex. App. – Texarkana 2012, pet. denied).

Leonardo adequately pleads facts supporting the inference that Pegasus acted willfully. Leonardo alleges that prior to the release of Pegasus's statement, Leonardo advised

ORDER – PAGE 7

Pegasus that a prior series of communications with mutual clients appeared calculated to disrupt Leonardo's contracts with those entities. *See* FAC ¶ 13. Leonardo alleges Pegasus distributed the notice at issue here subsequent to that advisory. Reading the complaint in a light most favorable to Leonardo, this pleading adequately supports the inference that Pegasus acted willfully in making its statement.

### C. Leonardo Adequately Pleads Proximate Cause

"To properly show proximate cause, a plaintiff must allege that 'the defendant took an active part in persuading a party to a contract to breach it.'" *Hambric Sports Mgmt., LLC v. Team AK, Inc.*, 2010 WL 2605243, at *9 (N.D. Tex. 2010) (quoting *Amigo Broad., LP v. Spanish Broad. Sys., Inc.*, 521 F.3d 472, 490 (5th Cir. 2008)). Moreover, "it is necessary that there be some act of interference or of persuading a party to breach, for example by offering better terms or other incentives, for tort liability to arise." *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 803 (Tex. App. – Houston [1st Dist.] 1987, writ ref'd n.r.e.), *superseded by rule on other grounds*, TEX. R. APP. P. 47, *as recognized in Isern v. Ninth Ct. of App.*, 925 S.W.2d 604, 605 (Tex. 1996). Importantly, conduct inducing a party to breach an existing contract need not be independently tortious for liability to arise. *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726–27 (Tex. 2001).

Leonardo adequately pleads causation. Leonardo alleges that soon after Pegasus released its statement concerning the termination of its business relationship with Leonardo, three hotels contacted Leonardo in an apparent effort to breach or enforce a particular understanding of their contracts with Leonardo. The connection between Pegasus's

statement and the hotels' subsequent contact with Leonardo is sufficiently close to support proximate cause. Leonardo need not prove anything else to support the causation element of this claim.

### D. Leonardo Adequately Pleads Actual Damages

Pegasus argues that Leonardo fails to allege any facts suggesting Leonardo suffered actual damages as a result of the contractual interference. This argument ignores Leonardo's allegation that contractual inquiries from its hotel clients required "hundreds of hours" to correct misrepresentations and salvage relationships. FAC ¶ 20. It also ignores Leonardo's allegation that its contract with Red Lion hotels was terminated prematurely because of Pegasus's statement. *Id.* ¶ 22. Leonardo adequately pleads actual damages to support its tortious interference with contractual relationships claim.

### V. THE UNFAIR COMPETITION CLAIM

Pegasus asserts that Leonardo's unfair competition claim must be dismissed because it is a derivative tort and cannot stand on its own. *See* Def.'s Br. in Supp. Mot. Dismiss 19; Def.'s Reply 6–7 [36]. In Texas, a claim for unfair competition requires "that the plaintiff show an illegal act by the defendant which interfered with the plaintiff's ability to conduct its business." *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000). Thus, having found Leonardo adequately states a claim for tortious interference with contract, the Court holds that its claim for unfair competition may proceed as well. *Cf. Schoellkopf v. Pledger*, 778 S.W.2d 897, 904–05 (Tex. App. – Dallas 1989, writ denied) (dismissing unfair competition claim where underlying tortious interference claim had also been dismissed).

ORDER – PAGE 9

## VI. THE TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTS CLAIM

A successful claim for tortious interference with prospective contracts requires proof of: (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an "independently tortious or unlawful" act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or he knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference. *Ash v. Hack Branch Distrib. Co., Inc.*, 54 S.W.3d 401, 414–15 (Tex. App. – Waco 2001, pet. denied). To reemphasize, the conduct supporting a tortious interference with prospective contracts claim must be "independently tortious or wrongful." *Sturges*, 52 S.W.3d at 726.

Leonardo purports to satisfy this requirement by alleging "Pegasus's fraudulent messages to the channels that no action was required were intentional and aimed at precluding Leonardo from entering into agreements with the Pegasus Channels." FAC ¶ 47. Leonardo thus makes allegations of fraud and must plead them with particularity under Rule 9(b).[2] *See supra* Part II.B.

---

[2]In the Fifth Circuit, a plaintiff must plead "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (alteration in original) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). In effect, Rule 9(b) requires a plaintiff to state "the who, what, when, where, and how" of alleged fraud. *Id.* at 179. "What constitutes 'particularity' will necessarily differ with the facts of each case." *Id.* (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)).

Leonardo's fraud allegations fail to meet the requirements of Rule 9(b). Leonardo's factual allegations are restricted to general averments of the contents of Pegasus's messaging, without providing the necessary "who, what, when, where, and how" necessary to plead fraud with particularity. *See* FAC ¶¶ 23–24. Leonardo's allegation that "Pegasus deceived the channels by telling them they need not worry about the issue and would not need to take any action in response to the termination of the Leonardo Content License[,]" FAC ¶ 24, is simply insufficiently particular to support an allegation of fraud. Moreover, the only allegation identifying particular Pegasus channels that were deceived fails to identify the contents of the deception, and when they occurred. *Id.* Accordingly, the Court finds Leonardo's underlying fraud allegations supporting its claim for tortious interference with prospective contracts are deficiently plead under Rule 9(b). Thus, having failed to plead an independently tortious act, as is required for a tortious interference with prospective contracts claim, Leonardo fails to state a claim for tortious interference with prospective contracts. The Court dismisses that claim.

## CONCLUSION

The Court dismisses Leonardo's claim for business disparagement for failure to plead a defamatory statement. The Court dismisses Leonardo's claim for tortious interference with prospective contracts for failure to plead an independently tortious act. Pegasus's motion to dismiss is denied in all other regards. The Court grants Leonardo thirty (30) days to replead the dismissed claims if it should choose to do so.

Signed January 9, 2015.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 12