IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARDO WORLDWIDE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:14-cv-02660 |
| PEGASUS SOLUTIONS, INC. n/k/a DHISCO ELECTRONIC DISTRIBUTION, INC., | § § § § | |
| Defendant. | § § | |

## ORDER

This Order addresses Defendant Pegasus Solutions, Inc. n/k/a DHISCO Electronic Distribution, Inc.'s ("Pegasus") motion to dismiss [83]. The Court grants the motion in part and denies it in part.

## I. THE ORIGIN OF THE MOTION

This Order assumes familiarity with the basic underlying facts of this action, as set forth in the Court's January 9, 2015 Order 1–2 [38] and April 16, 2015 Order 1–2 [57]. Those Orders addressed Pegasus's first and second motions to dismiss, respectively. On July 17, 2015, the Court granted Plaintiff Leonardo Worldwide Corporation ("Leonardo") leave to file a Third Amended Complaint ("TAC") [74]. The TAC introduced two new claims for fraud and breach of contract. Pegasus now moves to dismiss these claims as well.

## II. THE LEGAL STANDARD

### A. Rule 12(b)(6)

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within

certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### B. Rule 9(b)

Allegations of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). In the Fifth Circuit, to comply with Rule 9(b), a plaintiff must plead the "time, place and contents of the false representations, as well as the identity of the person

making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quotation marks omitted). In effect, Rule 9(b) requires a plaintiff to state "the who, what, when, where, and how" of the alleged fraud. *Id.* at 179 (quotation marks omitted). "Rule 9(b) is not intended, however, to procure punctilious pleading detail." *Garcia v. Boyar & Miller, P.C.*, 2007 WL 2428572, at *3 (N.D. Tex. 2007) (Fitzwater, J.) (quotation marks and citation omitted). Ultimately, "[w]hat constitutes 'particularity' will necessarily differ with the facts of each case." *Williams*, 112 F.3d at 179 (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)).

The heightened pleading standard of Rule 9(b) applies to Leonardo's claim for fraud. Accordingly, Leonardo must plead its claim for fraud with particularity. By contrast, Leonardo's claim for breach of contract is not subject to Rule 9(b). Thus, Leonardo's allegations supporting its breach of contract claim must meet the facial plausibility standard of Rule 12(b)(6).

### III. LEONARDO PLEADS ITS FRAUD ALLEGATIONS WITH PARTICULARITY

Leonardo brings a claim for fraud by omission or nondisclosure based on certain representations that Pegasus made during the parties' attempted negotiation of an extension or renewal of their Strategic Partnership Agreement ("SPA"). In Texas, fraud by nondisclosure occurs when: (1) a party fails to disclose a material fact within the knowledge of that party; (2) the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the party intends to induce the other party to take some action by failing to disclose the fact; and (4) the other party suffers injury as a

result of acting without knowledge of the undisclosed fact. *See Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001). A claim for fraud by nondisclosure also requires a showing of a duty to disclose. *Id.* at 755. Pegasus argues Leonardo fails to plead a duty to disclose, a material omission, or justifiable reliance.

### A. Leonardo Adequately Pleads a Limited Duty to Disclose

In Texas, a claim for fraud by omission requires a showing of a duty to disclose. *Id.* Texas appellate courts have held that the following situations give rise to a duty to disclose:

> (1) when the parties have a confidential or fiduciary relationship; (2) when one party voluntarily discloses information, which gives rise to the duty to disclose the whole truth; (3) when one party makes a representation, which gives rise to the duty to disclose new information that the party is aware makes the earlier representation misleading or untrue; or (4) when one party makes a partial disclosure and conveys a false impression, which gives rise to a duty to speak.

*White v. Zhou Pei*, 452 S.W.3d 527, 537–38 (Tex. App. – Houston [14th Dist.] 2014, no pet.). "[E]ven in arms-length transactions, a duty to disclose arises if a party knows, or should have known, its prior statement was false." *Ralston Purina Co. v. McKendrick*, 850 S.W.2d 629, 635 (Tex. App. – San Antonio 1993, writ denied) (citing *Susanoil, Inc. v. Continental Oil Co.*, 519 S.W.2d 230, 236 n.6 (Tex. App. – San Antonio 1975, writ ref'd n.r.e.).

Here, Leonardo alleges that Pegasus had a duty to disclose its plan to discontinue its relationship with Leonardo and enlist the services of a competitor, ICE Portal. Although Pegasus never explicitly told Leonardo that it intended to continue their business relationship, Pegasus allegedly made several partial disclosures that arguably conveyed this

false impression.  In particular, Pegasus advised Leonardo to direct its proposals for a new agreement to Chief Sales Officer Chris Wichers, TAC ¶ 44; Wichers requested a formal written proposal from Leonardo, *id.* ¶ 48; and Pegasus, after its initial rejection of this proposal, expressly invited further response and negotiation from Leonardo, *id.* ¶ 61.  At the time of each of these representations, Pegasus had already decided to end its relationship with Leonardo and replace Leonardo with ICE Portal.  *Id.* ¶¶ 41, 46, 47, 49, 61.  The Court concludes that Leonardo sufficiently alleges that Pegasus had a duty to disclose its plan to replace Leonardo's services with those of ICE Portal.  *See Spear Marketing, Inc. v. Bancorp South Bank*, 2013 WL 3297593, at *8 (N.D. Tex. 2013) (Boyle, J.) (denying dismissal of fraud claim where defendant represented interest in acquiring plaintiff but never intended to consummate deal).

However, the allegations do not support Leonardo's contention that Pegasus had an additional duty to disclose its development of a visual content management and distribution business that would compete with Leonardo.  Leonardo never specifies what representations Pegasus made regarding the nature of Pegasus's business.  Leonardo argues in its brief that Pegasus's representations in the text of the SPA gave rise to a duty to disclose.  Pl.'s Br. in Opp. 17 [95].  However, these representations are not alleged with sufficient particularity in the TAC.  As a result, this portion of Leonardo's claim for fraud by nondisclosure fails to meet the heightened pleading standard of Rule 9(b).  *See Williams*, 112 F.3d at 177.

The Court concludes that Leonardo sufficiently alleges that Pegasus had a duty to disclose its plan to replace Leonardo's services with those of ICE Portal.  However, because

Leonardo has not pled sufficient facts to show that Pegasus had a duty to disclose its attempts to develop a competing visual content management and distribution business, the Court dismisses this aspect of its claim for fraud by nondisclosure. The Court denies the remainder of Pegasus's motion to dismiss the claim for fraud by nondisclosure.

### B. Leonardo Adequately Pleads a Material Omission

Leonardo must plead a material fact in order to state a claim for fraud by nondisclosure. *Bradford*, 48 S.W.3d at 754. "Information is considered 'material' if it is such that a reasonable person would attach importance to it and would be induced to act on it in determining his choice of actions in the matter." *White*, 452 S.W.3d at 538. Here, Leonardo argues that a reasonable person would not have developed and shared a formal proposal containing sensitive business information if it knew that the other party intended to replace its services with those of a competitor. Moreover, Leonardo alleges that Pegasus actually shared this confidential information with ICE Portal. TAC ¶¶ 53–57. The Court concludes that Leonardo has pled sufficient facts to show that Pegasus's omission was material.

### C. Leonardo Adequately Pleads Reliance

Finally, a claim for fraud by nondisclosure requires proof that the plaintiff "relied on the defendant's nondisclosure." *White*, 452 S.W.3d at 537. Here, Leonardo has alleged that it relied on Pegasus's representations by engaging in negotiations, TAC ¶ 132, presenting a formal proposal containing sensitive business information to Pegasus, *id.* ¶¶ 51–52, and

refraining from communications with its hotel customers about the upcoming termination of the SPA, *id.* ¶¶ 70, 132. These allegations sufficiently demonstrate the element of reliance.

## IV. LEONARDO PLEADS A FACIALLY PLAUSIBLE BREACH OF CONTRACT CLAIM

Leonardo bases its breach of contract claim on Pegasus's alleged breach of the SPA and the VScape Digital Asset Management System Development And Service Statement Of Work attached as Schedule A to the SPA (the "SOW"). In Texas, the elements of a claim for breach of contract include: "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.). Pegasus contends that Leonardo fails to allege sufficient facts to establish damages and breach. The Court disagrees.

### A. Leonardo Adequately Pleads Damages

Pegasus urges the Court to dismiss Leonardo's breach of contract claim to the extent it is premised on Pegasus's breach of the confidentiality provision contained in Section 11.1 of the SPA. Pegasus argues that Leonardo has failed to identify any damages suffered as a result of Pegasus's provision of Leonardo's confidential information to its competitor, ICE Portal. However, Leonardo does allege that it suffered "loss of income and profits due to Pegasus' breaches . . . , including the loss of Leonardo Hotel Chains and Channels to

competitor ICE Portal." TAC ¶ 139. Accordingly, the Court concludes that Leonardo has sufficiently pled damages as a result of this breach.

### B. Leonardo Adequately Pleads Breach

Pegasus further urges the Court to dismiss Leonardo's breach of contract claim to the extent it is premised on Pegasus's breach of Sections 7.1 and 10.1 of the SPA and Sections 7.4, 9.1, and 10.2 of the SOW. Pegasus contends that Leonardo's allegations do not support the conclusion that Pegasus breached these sections. The Court disagrees.

Leonardo's allegations support the reasonable inference that Pegasus breached each of these provisions. First, Leonardo claims that Pegasus breached Section 10.1 of the SPA by pursuing a competing business during the SPA's term. *See id.* ¶¶ 20–24. Second, Leonardo asserts that Pegasus breached Section 7.1 of the SPA and Section 9.1 of the SOW by discouraging clients from using Leonardo's services and endorsing the services of a competitor, ICE Portal. *See id.* ¶¶ 27, 38, 66–68. And third, Leonardo alleges that Pegasus breached Sections 7.4 and 10.2 of the SOW by distributing VScape Client Rich Media to ICE Portal. *See id.* ¶¶ 38, 69. These provisions remained in force – regardless of any hardship or inconvenience to Pegasus – until the end of the SPA's term on May 23, 2014. *See Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222, 228 (Tex. 2014) ("Unambiguous contracts . . . are generally enforced as written regardless of whether one or more of the parties contracted wisely or foolishly, or created a hardship for himself."). Accordingly, the Court concludes that Leonardo has adequately pled the element of breach with respect to each of these provisions.

## CONCLUSION

Leonardo has pled sufficient facts to support a claim for breach of contract.  Thus, the Court denies Pegasus's motion to dismiss Leonardo's breach of contract claim.  In addition, the Court concludes that Leonardo has adequately pled a claim for fraud by nondisclosure to the extent that Pegasus failed to disclose its plan to end its relationship with Leonardo and replace Leonardo with ICE Portal.  However, Leonardo's claim that Pegasus committed fraud when it failed to disclose its development of a competing business does not meet the heightened pleading standard of Rule 9(b).  Accordingly, the Court dismisses this aspect of Leonardo's claim for fraud by nondisclosure.

SIGNED November 23, 2015.

David C. Godbey
United States District Judge